MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

MICHELLE J. KANE (CABN 210579)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    michelle.kane3@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 08-00558 PJH |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | Date: March 19, 2014 |
| ANTOINE D. FORD, | Time: 2:30 p.m. |
| Defendant. | Courtroom: No. 3 |

## INTRODUCTION

On March 19, 2014, defendant Antoine D. Ford is scheduled to appear before this Court on the amended petition alleging violations of his supervised release term. (Dkt. No. 33). Defendant has stated that he intends to admit Violation One, which alleges that he committed a residential burglary in violation of the general condition that he shall not commit another federal, state, or local crime. The government hereby submits this memorandum to aid the Court in determining an appropriate sentence. The government agrees with the Probation Office that the Court should revoke defendant's supervised release and sentence defendant to twenty-one months in custody and fifteen months of additional supervised release.

//

CR 08-00558 PJH
GOVT SENTENCING MEMO.

## BACKGROUND

As detailed in the Memorandum dated March 13, 2014, by Probation Officer Jenna Russo, defendant was released on September 27, 2013, following completion of his 51 month sentence on the underlying conviction, possession by a felon of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). On November 26, 2014, just two months after the beginning of his supervised release term, Berkeley Police arrested defendant for a suspected residential burglary. According to an eyewitness, defendant smashed a window and entered a dwelling where an individual was sleeping. Defendant and his accomplice left the scene but returned later, at which time they were both arrested. Defendant's accomplice in the burglary was a convicted felon, the basis of the second violation charged in the pending petition. Defendant had been the passenger in the accomplice's car in which the Berkeley Police found a loaded weapon accessible to both driver and passenger. Defendant served 79 days in state custody, pleaded guilty to the charge of accessory in violation of Calif. Penal Code § 32, and received a time served sentence.

As described in Probation Officer Russo's Memorandum, the violation is Grade B and the statutory maximum sentence that this Court can impose is two years of custody and three years of supervised release. Defendant is in Criminal History Category VI, therefore his Sentencing Guidelines Range is 21-27 months of custody. Although revocation is not mandatory in this case under 18 U.S.C. § 3583(g), section 7B1.3(a)(1) of the Sentencing Guidelines states that "[upon] a finding of a Grade A or B violation, the court shall revoke probation or supervised release."

## RECOMMENDATION

The Probation Office has recommended that the Court sentence defendant to the low end of the range, twenty-one months of custody and the maximum fifteen months of supervised release. The government is in agreement with this recommendation, based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(6). Defendant has not demonstrated any ability to comply with the terms of supervised release or to benefit from the assistance of the Probation Officer, having committed a new felony a mere two months into his supervision. For these reasons, a Guidelines sentence is warranted.

//

Defendant argues that the court should impose a sentence of eighteen months of imprisonment instead, given the fact that he has already served time for the underlying conduct, based on a comparison with the short sentence he received in his Alameda County case, and to allow him to serve the additional time on supervised release. In essence, he is asking for the court to credit him with the 79 days he served by imposing a below-Guidelines sentence, because he can no longer serve a concurrent sentence. The Guidelines, however, advise that any term of imprisonment imposed upon revocation of supervised release shall be served consecutively to any sentence of imprisonment the defendant is serving, even where the sentence is for the same conduct. U.S.S.G. § 7B1.3(f); *see United States v. Gretzinger,* 209 Fed. Appx. 117, 119, 2006 WL 3749620 *2 (3d Cir. 2006) (finding that district court did not abuse its discretion in ordering sentence imposed upon revocation of supervised release to run consecutively to sentence imposed for new conviction for same conduct). Where, as here, defendant has already completed his state sentence for the same conduct, the same logic applies; the Guidelines provide no basis for crediting his state sentence and defendant has not supplied one. Given the seriousness of this new offense, including the involvement of a firearm, this Court should not reduce his Guidelines sentence by the time served in Alameda County.

Moreover, the sentence imposed in Alameda County, rather than suggesting that this Court should vary downward in this revocation proceeding, merits at least a Guidelines sentence of twenty-one months to meet the goals of sentencing, including just punishment, deterrence, and protection of the public. *See* 18 U.S.C. § 3553(a)(1)(A)-(C). This Court can consider defendant's failure to demonstrate even minimal compliance with the terms of his supervised release, in addition to his extensive criminal history involving firearms, in finding this an appropriate sentence.[1]

Finally, defendant's argument that he would be better served by extending his term of supervised release for the additional three months finds no support in the facts of this case. Counsel represents that defendant wants to find employment, however, defendant's actions have demonstrated his lack of respect for the Court and for the benefits, including employment, that he could have obtained through compliance with his supervision and working with his probation officer.

---

[1] Defendant's criminal history, including multiple convictions involving possession of firearms, is detailed in the Presentence Report prepared in connection with his original sentence in this case.

CR 08-00558 PJH
GOVT SENTENCING MEMO.              3

## CONCLUSION

For all the reasons stated above, the United States respectfully requests that the Court revoke defendant's supervised release and sentence him to a term of twenty-one months of custody and fifteen months of additional supervised release.

Dated: March 14, 2014                    Respectfully submitted,

MELINDA HAAG
United States Attorney


                                          /s/
MICHELLE J. KANE
Assistant United States Attorney